State of Wisconsin, Plaintiff-Respondent,
v.
James M. Moran, Defendant-Appellant.
No. 03-0561-CR. 
Court of Appeals of Wisconsin.
Dated and Filed: March 18, 2004.
Before Deininger, P.J., Vergeront and Lundsten, JJ.
¶1. PER CURIAM.
James Moran appeals from an order denying his motion for postconviction deoxyribonucleic acid (DNA) testing under Wis. Stat. § 974.07 (2001-02).[1] We affirm.
¶2. Moran was convicted in 1995 of several felonies related to an incident in which he was alleged to have gone to a woman's apartment with a knife and cut her and another male present at the scene. In April 2002, Moran moved for certain blood samples to be released to a laboratory for DNA testing. The two samples at issue in this appeal were taken by police from the crime scene, but the original lab analysis did not match them to any specific person connected with this case. Moran's motion did not cite Wis. Stat. § 974.07, which had become effective September 1, 2001. 2001 Wis. Act 16, §§ 4028j, 9400. The circuit court applied the common law test for postconviction discovery provided in State v. O'Brien, 223 Wis. 2d 303, 320-21, 588 N.W.2d 8 (1999), and concluded that Moran had not demonstrated that the evidence had a reasonable probability of producing a different result.
¶3. Moran moved for similar relief again in September 2002, this time relying on Wis. Stat. § 974.07. After referring the matter to the Office of the State Public Defender for possible appointment of counsel under § 974.07(11), which did not occur, the court again denied the motion. Because the standards for granting a motion under that section are similar to that in O'Brien, the court denied the motion by reference to its earlier decision. On appeal, Moran argues that if testing shows the samples match the male victim, it would tend to support Moran's self-defense theory by showing that the struggle between them occurred in a location that was more consistent with Moran's version of the event than the victims' version, in which Moran did not act in self-defense.
¶4. The State first argues that we should summarily affirm the order because Moran's appellate brief is deficient in form and substance. We disagree. Although not fully complying with all applicable briefing rules and not perfectly written, his brief is more than adequate for us to discern the essential facts, the issue he raises, and the reasons he believes he should prevail.
¶5. The State suggests that Moran should be required to explain why he did not raise the DNA testing issue before this, during earlier postconviction proceedings. The State does not develop a laches argument and offers no authority requiring such an explanation. We decline to address this undeveloped argument. See State v. Petit, 171 Wis. 2d 627, 646 (Ct. App. 1992).
¶6. The State asserts that before obtaining postconviction DNA testing, the movant "had to convince the circuit court that he is innocent of the offense." This is incorrect under both Wis. Stat. § 974.07(7)(a), which addresses situations in which the court must grant the motion, and para. (7)(b), which addresses situations in which the court may do so. Under para. (7)(a), one condition is that the movant "claims that he or she is innocent of the offense," which Moran has done. (Emphasis added.) A finding of innocence is not required under para. (7)(a). Under para. (7)(b), not even a claim of innocence is required.
¶7. The critical requirements under both Wis. Stat. § 974.07(7)(a) and (b) in this case relate to the probable effect of the DNA testing. Section 974.07(7)(a)2 requires a reasonable probability that the movant would not have been prosecuted or convicted if exculpatory DNA test results had been available, while § 974.07(7)(b)1 requires a reasonable probability that the outcome of the proceeding would have been more favorable to the movant if the results of DNA testing had been available. In other words, like O'Brien, both parts of the statute require an analysis of "reasonable probability" related to the substance of the case.
¶8. Neither party addresses our standard of review as to that issue. The statute itself does not specify a standard of review. In O'Brien, the court appeared to regard this as a factual issue: "Essentially, the circuit court found that the result of the trial would not have been different because the evidence was not material. We will not disturb a circuit court's findings regarding evidentiary facts unless they are clearly erroneous." 223 Wis. 2d at 322. We will review the decision before us in light of that standard.
¶9. In its August 2002 order, the circuit court relied on what it described as "overwhelming" evidence that Moran was the instigator of the confrontation. Without attempting to repeat the evidence here, the State presented a coherent theory, supported by eyewitness testimony, that was contrary to Moran's self-defense theory. If DNA testing were to confirm the presence of the male victim's blood in the location from which the samples were taken, it may have had some tendency to support Moran's self-defense theory, but it is not compelling enough to require rejection of the State's theory. We are satisfied that it was not clearly erroneous for the court to conclude there was not a reasonable probability that Moran would not have been convicted or would have achieved a more favorable result.
By the Court.-Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.